# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARREN L. REAGAN** | : | **DOCKET NO. 2:17-cv-807** |
| B.O.P. # 37109-177 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WARDEN, FCI OAKDALE** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus [doc. 1] filed pursuant to 28 U.S.C. § 2241 by pro se plaintiff Darren L. Reagan. Reagan is an inmate in the custody of the federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Forrest City, Arkansas ("FCIFC"). However, his original petition was filed while he was incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). Doc. 1.

Reagan's original petition was deficient, and he filed a corrected one in this court on August 7, 2017. Doc. 7. He moved the following week to stay this matter or for an extension of time to amend his petition. Doc. 9. This court granted the extension and denied the stay, allowing Reagan until November 17, 2017, to amend his pleadings. Doc. 10. Reagan then moved for another extension on November 2, 2017, stating that he was awaiting delivery of all of his legal materials. Doc. 11. The court then extended Reagan's time to amend his pleadings to January 26, 2018. Doc. 12. Reagan filed a third motion for an extension on January 14, 2018, stating that he had been transferred from FCIO to FCIFC and had not yet received access "to his personal property, legal and relevant case reference materials necessary to conduct the needed legal research . . . ." Doc.

-1-

13. The court extended Reagan's time for compliance until March 23, 2018. Doc. 14. Reagan filed another motion for extension on March 15, 2018, in which he stated that the final portion of his legal materials were recently delivered to him and that he was currently organizing "several boxes and files of legal materials that were not stored in an organized manner by the . . . mailroom staff at the transferring institution." Doc. 15. The court granted Reagan's request, extending his time for filing an amended petition until April 27, 2018. Doc. 16. We also stated that there would be no further extensions granted. *Id.*

Reagan now brings the instant motion to transfer his case, arguing that his transfer to FCIFC means that the proper respondent in this matter is now the warden of that institution and that this court no longer has jurisdiction over the matter. Doc. 17. He also requests that the matter be stayed while the court considers his transfer motion. *Id.*

As Reagan notes, the district of incarceration has exclusive jurisdiction over an inmate's § 2241 petition challenging present physical confinement. *Lee v. Wetzel*, 244 F.3d 370, 373–74 (5th Cir. 2001). Jurisdiction over a § 2241 petition attaches at the time the petition is filed. *Id.* at 375 n. 5. It is not destroyed by subsequent transfers and custodial changes. *Griffin v. Ebbert*, 751 F.3d 288, 290–91 (5th Cir. 2014). Accordingly, transfer of a § 2241 petition to another district court based on the petitioner's movement to a different custodial facility is improper. *Id.* at 290. Because Reagan was incarcerated at FCIO when he initiated this action, jurisdiction and venue over his § 2241 petition are proper and remain proper despite his subsequent relocation. The motion to transfer is **DENIED**, and the motion to stay is **DENIED AS MOOT**.

As shown above, this matter has now been awaiting initial review for several months while Reagan has received four extensions in order to complete his amendments. In his last request for an extension, he admitted that his legal paperwork was now within his control. *See* doc. 16.

Accordingly, after allowing a **brief** delay for any filings sent by April 27, 2018, under the prison mailbox rule, we will commence initial review of Reagan's petition after that deadline.

THUS DONE AND SIGNED in Chambers this 17th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE